# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REBECCA A. CONNER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0185** (BOR Appeal No. 2047464)
(Claim No. 2009071129)

**WAL-MART,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca A. Conner, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart, by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2013, in which the Board affirmed a July 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 30, 2011, decision which denied the addition of reflex sympathetic dystrophy to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Conner, a merchandise supervisor, injured her left knee in the course of her employment when she tripped over a cone and fell on December 1, 2008. She asserts that she developed reflex sympathetic dystrophy as a result of her compensable injury. Gregory Krivchenia, M.D., Ms. Conner's treating physician, first diagnosed her with the condition in March of 2009. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 19, 2010, in which he found that Ms. Conner exhibited some signs of reflex sympathetic dystrophy. He recommended a three phase bone scan in order to determine if she suffered from

1

the condition. He stated that if the scan was negative, he would find her to be at maximum medical improvement. The three phase bone scan was performed on March 5, 2010, and was negative for reflex sympathetic dystrophy.

Dr. Mukkamala performed a second independent medical evaluation in April of 2010. He diagnosed non-specific pain complaints and found that Ms. Conner did not have reflex sympathetic dystrophy due to the results of the three phase bone scan. He determined that she was at maximum medial improvement and could return to work. In a supplemental report in December of 2010, Dr. Mukkamala clarified that he noted possible reflex sympathetic dystrophy in his first independent medical evaluation. Following that evaluation, Ms. Conner underwent a three phase bone scan that showed no evidence of reflex sympathetic dystrophy. His final diagnosis was therefore left knee contusion with evidence of a fracture of the femoral condyle and no evidence of reflex sympathetic dystrophy. Dr. Krivchenia's June 14, 2010, treatment note indicates that Ms. Conner needed to be monitored for reflex sympathetic dystrophy. He did not address the negative bone scan. He requested that reflex sympathetic dystrophy be added to the claim. That request was denied by the claims administrator on November 30, 2011.

The Office of Judges affirmed the claims administrator's denial of the addition of reflex sympathetic dystrophy to the claim. It found that Ms. Conner's evidence almost exclusively predates the March 15, 2012, three phase bone scan and Dr. Krivchenia failed to comment on the negative results of the test. The record failed to explain why he did not comment on the negative result or if he disagrees with the findings and validity of the test. Dr. Mukkamala's report was found to be more detailed than Dr. Krivchenia's progress notes. Dr. Mukkamala initially listed the possibility of reflex sympathetic dystrophy; however, when the three phase bone scan revealed no indication of the condition, he concluded that Ms. Conner does not suffer from reflex sympathetic dystrophy. The Office of Judges ultimately held that Ms. Conner failed to meet her burden of proof to establish that reflex sympathetic dystrophy is a compensable component of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 28, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent. D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum